UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELBERT BRAND,                             :
       Plaintiff                   :
                                   :
   v.                                 :  CIVIL NO. 4:CV-03-962
                                   :
                                   :  (Judge McClure)
RAYMOND J. COLLERAN, ET AL.,              :
       Defendants                  :

## ORDER

June 3, 2005

**Background**

     Elton Brand initiated this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart). On September 15, 2004 Defendants Jeffes, Bekele, Heffernan, and Loomis' motion to dismiss was partially granted. By Memorandum and Order dated September 29, 2004, the Commonwealth Defendants' motion to dismiss was granted in part. On January 26, 2005, Plaintiff informed the Court that he had been released from SCI-Waymart. See Record document no. 68.

1

On February 14, 2005, the remaining Commonwealth Defendants filed a motion (Record document no. 73) seeking sentry of summary judgment. A brief in support and statement of material facts accompanied the motion. Defendants Jeffes, Bekele, Heffernan and Loomis filed a summary judgment motion on March 15, 2005. See Record document. no. 76. A supporting brief and statement of material facts were thereafter timely filed. On March 23, 2005, the remaining Defendant, Correctional Physicians Service , submitted a summary judgment motion (Record document no. 77) which was accompanied by a supporting brief and statement of material facts.

To date, Plaintiff has failed to respond to any of the summary judgment motions. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an

adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b). See Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Consequently, Plaintiff will be granted a final opportunity to July 1, 2005 in which to file and serve responses to the pending dispositive motions. Failure of Plaintiff to timely respond to this Order will result in dismissal of his action for failure to prosecute and comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link, 370 U.S. at 629. Consequently,

**IT IS HEREBY ORDERED THAT**:

> 1. Plaintiff shall file and serve responses to the Defendants' respective pending dispositive motions on or before July 1, 2005.

2. Failure to comply with this Order shall be deemed a failure to prosecute and comply with a court order, warranting dismissal of this action under Federal Rule of Civil Procedure 41.

     s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge