UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELBERT BRAND,  :  Plaintiff  : : v.  : : : RAYMOND J. COLLERAN, ET AL.,  :  Defendants  : | CIVIL NO. 4:CV-03-962  (Judge McClure) |

# ORDER

July 5, 2005

## Background

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Elton Brand regarding his prior confinement at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart).[1] On February 14, 2005, the remaining Commonwealth Defendants filed a motion (Record document no. 73) seeking entry of summary judgment. Defendants Jeffes, Bekele, Heffernan and Loomis filed a summary judgment motion on March 15, 2005. See Record document. no.

---

[1] On January 26, 2005, Plaintiff informed the Court that he had been released from SCI-Waymart. See Record document no. 68.

76. On March 23, 2005, the remaining Defendant, Correctional Physicians Service , submitted a summary judgment motion (Record document no. 77).

After Plaintiff failed to respond to the summary judgment motions, this Court issued an Order on June 3, 2005, granting Brand a final opportunity to July 1, 2005 in which to file and serve responses to the pending dispositive motions.[2] The Order, citing the standards announced in <u>Link v. Wabash Railroad Co.</u> 370 U.S. 626, 629 (1962); <u>Poulis v. State Farm Fire and Casualty Co</u>., 747 F.2d 863, 868 (3d Cir. 1984); and <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d  29, 30 (3d Cir. 1991),  forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b).

**Discussion**

The relevant time period established by the June 3, 2005 Order has passed and Brand has not responded to any of the pending dispositive motions nor sought an enlargement of time in which to do so.  Furthermore, Brand has not

---

[2]   M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief.  Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

made any submissions to this Court since his January 26, 2005 notice of change of address.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

In <u>Poulis</u> the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  <u>See</u> <u>Adams v. Trustees, NJ Brewery Trust Fund</u>, 29 F.3d 863 (3d Cir. 1994).  Based on the Plaintiff's complete lack of action since January, 2005, an application of the <u>Poulis</u> factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's June 3, 2005 Order is deemed a failure to prosecute and a failure to comply with a court order, and his action will be dismissed, with prejudice.  Consequently,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's failure to respond to the Order of June 3, 2005, is deemed a failure to prosecute this action, and a failure to comply with a court order.

2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, with prejudice.

3. The remaining Commonwealth Defendants' motion for summary judgment (Record document no. 73); Defendants Jeffes, Bekele, Heffernan and Loomis' summary judgment motion (Record document no. 76) and Correctional Physicians Service's motion for summary judgment (Record document no. 77) are dismissed as moot.

4. The Clerk of Court shall close this case.

5. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.  
    JAMES F. McCLURE, JR.  
    United States District Judge